# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

DARRYL PERNELL BUTLER,   )
                            )
      Plaintiff,         )
                            )
v.                       )        CV423-063
                            )
AARON PINERIO, *et al.*,    )
                            )
      Defendants.      )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Darryl Pernell Butler is incarcerated at Coastal State Prison. *See* doc. 1 at 3. He filed this 42 U.S.C. § 1983 case in the Middle District of Georgia and it was transferred to this Court. *See* doc. 3. He alleges that multiple defendants have been deliberately indifferent to his serious medical needs by failing to provide him with prescribed medication for his hypertension. *See* doc. 1-1 at 3-20. He seeks declaratory, injunctive, and monetary relief. *Id.* at 20-22. Butler did not pay the filing fee or move to proceed *in forma pauperis* when he filed the case. *See generally* docket. The Clerk notified him of the deficiency, doc. 6, and Butler moved to proceed *in forma pauperis*, doc. 7.

1

Bulter's Complaint discloses four prior cases that he concedes were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.   *See* doc. 1 at 3.   This Court has recognized that Butler is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).   *See, e.g., Butler v. Kaplan*, CV422-211, doc. 4 (S.D. Ga. Sept. 6, 2022).   Although his Complaint does not expressly concede that he is subject to the restrictions of 28 U.S.C. § 1915(g), as explained below, it is clear that he is.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions.   28 U.S.C. § 1915(g).   The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*   The Court has identified at least three of Butler's prior cases that count as "strikes" under the PLRA.   *See Butler v. Casterline*, CV103-112, doc. 4 at 4 (M.D. Ga. Sept. 26, 2003) (dismissing case "as frivolous

2

pursuant to 28 U.S.C. § 1915A."); *Butler v. Brown*, CV196-087, doc. 3 (M.D. Ga. May 23, 1996) (dismissing "complaint as frivolous."); *Butler v. Kelso*, CV195-190, doc 2 (M.D. Ga. Oct. 20, 1995) (dismissing action "as frivolous"); *see also Butler v. Yankello*, CV522-0149, doc. 5 at 2 (M.D. Ga. May 20, 2022) ("A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed several federal lawsuits and that more than three of his actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim," and collecting cases).   The Court is satisfied that, at least, the three dispositions cited above count as § 1915(g) strikes. *See, e.g., Daker v. Comm'r, Ga. Dept. of Corrs.*, 820 F.3d 1278, 1283 (11th Cir. 2016) (holding that the expressly enumerated grounds, *i.e.* "frivolous," "malicious," and "fails to state a claim upon which relief may be granted," "are the only grounds that can render a dismissal a strike."); *Daker v. Keaton*, 787 F. App'x 630, 633 (11th Cir. 2019) ("[T]o conclude an action or appeal was dismissed as frivolous, the dismissing court had to have made some express statement that indicated the action or appeal was frivolous, meaning it lacked an arguable basis in law or fact.").

Butler, therefore, had accrued at least three § 1915(g) strikes before he filed this action.

PLRA does provide an exception to the "three strikes" provision if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed.").

Despite being subject to the three-strikes bar, Butler's instant allegations are sufficient to allege imminent danger. Butler alleges that he was transferred to Coastal State Prison on May 19, 2022. *See* doc. 1-1 at 3. When he arrived, "medical staffs" informed him that his hypertension was noted in his medical records. *Id.* His supply of the

4

medication that controls his blood pressure, Clonidine, ran out several days before his transfer.   *Id*. at 4.   He put in a refill request at his prior prison, but was transferred before the medication was refilled.   *Id*.   On May 23, he suffered "a hypertension crisis," including dizziness, blurry vision, a rapid heart rate, and blood pressure of 177/118.   *Id*.   He was provided with Clonidine and his symptoms abated.   *Id*.

Bulter had not received a refill of his medication by May 25, 2022, and he "put in a medical sick call."   Doc. 1-1 at 4.   He suffered similar symptoms of high blood pressure overnight on June 1, 2022.   *Id*.   When he was seen by medical staff on June 2, 2022, his blood pressure was high. *Id*.   He was again given Clonidine and his symptoms abated.   At that time, Defendant Meiers informed him that his Clonidine refill had arrived and "to keep check [sic] with the pill call window."   *Id*.   He received his medication on June 3, 2022, but its label indicated that it had been refilled on May 20, 2022.   *Id*.   He alleges that the delay in dispensing the medication "caused him to suffer."   *Id*.

In October 2022, Bulter alleges he was diagnosed with prostate cancer.   Doc. 1-1 at 7.   His doctors informed him that high blood pressure increases the "risk of dying from prostate cancer."   *Id*.   Butler

alleges that his blood pressure has not been well controlled between 2021 and the date of his Complaint. *Id.* at 8. He alleges that the issues getting his medication refilled recurred in October 2022. *Id.* at 8-9. He, again, suffered symptoms of elevated blood pressure. *Id.* at 9. When he was seen by medical staff and provided Clonidine, his symptoms abated. *Id.* In November 2022, he again suffered symptoms of high blood pressure, including chest pain, partial paralysis, and a nose bleed. *Id.* at 10. When he was treated he discovered that his Clonidine had not been ordered. *Id.* His grievance about the issue was granted, and allegedly, expressly acknowledged "negligence and /or miscommunication from medical . . . ." *Id.* at 11. Butler alleges that issues with the timely provision of his medication persisted until shortly before he filed the Complaint. *See id.* at 15-16.

Butler's allegations are sufficient to permit him to proceed *in forma pauperis* under the imminent-danger exception. *See Butler v. Yankellow*, 2022 WL 1599707, at *2 (M.D. Ga. May 20, 2022) (recognizing allegations of "repeated difficulties obtaining timely refills" of blood pressure medication, "regularly suffer[ing] from various symptoms of high blood pressure," and that "high blood pressure has caused serious

6

health problems in the past," were "sufficient to show that Plaintiff may be in imminent danger of serious physical injury within the meaning of § 1915(g)."). His Motion for Leave to Proceed *in Forma Pauperis* is, therefore, **GRANTED**. Doc. 7. As Butler should be aware from his prior cases, Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), *all* prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner IFP litigants must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the Complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Butler must, therefore: (1) furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court. Two copies of the

7

form are enclosed for this purpose.    (2) Plaintiff must also sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.    Plaintiff must return both the **Prisoner Trust Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within fourteen days of the date this Order is served.   The Clerk of Court is **DIRECTED** to serve along with a copy of this Order (1) a Prisoner Trust Account Statement form, and (2) the Consent to Collection of Fees from Trust Account form.    Butler is **DIRECTED** to complete and return both forms no later than fourteen days from the service of this Order and Report and Recommendation.   He is advised that failure to timely return the required forms may result in the recommendation that his case be dismissed, *see, e.g.,* Fed. R. Civ. P. 41(b), despite the determination, discussed below, that service of one of his claims upon several defendants is appropriate.

Although the Court would ordinarily wait to ensure Butler's compliance with the procedural requirements, discussed above, for

proceeding *in forma pauperis*, it need not wait.   *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020) (payment of the filing fee is non-jurisdictional) *receded from on other grounds by Wells v. Brown*, 58 F.4th 1347 (11th Cir. 2023).   The Court will, therefore, proceed to screen Butler's Complaint.   Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.   *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).   Conclusory allegations, however, fail.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).   As Butler is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.   *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Before considering Butler's specific allegations, the Court must address several vague requests he raises in his Complaint.   First, he states that he "would like to hear from the Court on the issue of a class action," related to issues with the timely provision of medication.   Doc.

1-1 at 17.   As he correctly recognizes, "a pro-se [sic] litigant can't represent a class action."   *Id.*; *see also, e.g., Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014).   Since Butler has not clearly requested certification of his case as a class action, *see, e.g.,* Fed. R. Civ. P. 23(c), the Court need not take any action on his vague request.   Butler's hypothetical request for court-appointed counsel to represent the proposed class is also a non-starter.   *See, e.g., Robinson v. Deal*, 2017 WL 11518002, at *3 (S.D. Ga. May 1, 2017) ("The desire to transform an individual complaint into a class action is not an extraordinary circumstance sufficient to support the appointment of counsel." (internal quotation marks, alterations, and citation omitted)).

In addition to his vague request concerning class status, Butler also makes several references to prison staff's "failing to follow their own [p]olicy and procedure reference to the issuing of medication and answering sick calls."   Doc. 1-1 at 20.   To the extent that Butler intends that allegation to assert a claim for relief separate from the deliberate-indifference claim discussed below, it fails.   "Infringement of agency rules, regulations, policies or procedures do not, without more, amount to constitutional violations."   *Cook-Bey v. Jackson*, 2019 WL 3213718, at *6

(M.D. Ala. June 12, 2019) (citing *Fischer v. Ellegood*, 238 F. App'x 428, 431 (11th Cir. 2007)); *see also, e.g., Davis v. Pope*, 2013 WL 3934209, at *8 (S.D. Ga. July 30, 2013) ("A violation of a jail's rules, regulations, and / or policies without more, does not give rise to a federal constitutional violation."). To the extent that Butler intended to assert a separate claim for alleged violations of internal prison policies or procedures, it should be **DISMISSED**.

Finally, Butler concludes his factual allegations with the wholly conclusory assertion that "[t]he adequate [sic; presumably "inadequate"] staffing has result [sic] in suicide, inmate assaults, homosexual activities, contraband entering the prison, extortion, inadequate medical care." Doc. 1-1 at 20. Allegations of inadequate supervision of inmates can be relevant to a claim that officials are deliberately indifferent to a serious risk. *See, e.g., LaMarca v. Turner*, 995 F.2d 1526, 1536-37 (11th Cir. 1993); *Lane v. Philbin*, 835 F.3d 1302, 1308 (11th Cir. 2016). However, his vague allegation does not come close to alleging that any defendant was deliberately indifferent to the alleged staffing issue. Accordingly, to the extent that Butler asserted a claim based on inadequate supervision, it should be **DISMISSED**.

Despite the insufficiency of Butler's vague claims, the clear focus of his Complaint is the alleged deliberate indifference to his serious medical needs.   Prison officials' deliberate indifference to "an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment."   *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *see also Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994) (although prison conditions may be restrictive and harsh, prison officials must provide, *inter alia*, necessary medical care).   This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury.   *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).   Whether a serious medical need existed is an objective standard.   *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011).   To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."   *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal quotations and citation omitted).   Each defendant is "judged separately and on the basis of what that person knows."   *Burnette v.*

*Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).   A prisoner's mere disagreement with the type of medical treatment he receives is insufficient to allege deliberate indifference.   *See, e.g., Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985).   Even if the treatment an inmate receives was negligent, that's not enough to support a § 1983 claim.   *See, e.g. Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

This Court has recognized that hypertension qualifies as a serious medical need.   *See, e.g., Lewis v. Adams*, 2019 WL 1550051, at *3 (S.D. Ga. Feb. 28, 2019) (citing, *inter alia*, *Carter v. Broward Cnty. Sheriff Office*, 710 F. App'x 387, 391-92 (11th Cir. 2017)).   Courts have also recognized that prison staff's failure to provide prescribed treatment constitutes deliberate indifference.   *See, e.g., Qamar v. C.I.A.*, 489 F. App'x 393, 396 (11th Cir. 2012) (citing *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988)) ("[P]rison officials act with deliberate indifference if they knowingly interfere with treatment prescribed by a physician.").   Butler alleges that defendants Pinerio, doc. 1-1 at 18-19, Glenn, *id*. at 9-10, and "Kaigle," *id*. at 1-2, or "Kaigler," *see, e.g., id*. at 12,

13

and Mieres, *id.* at 15, knew about his blood-pressure issues, including the persistent problems with the timely refills of his medication, and failed to adequately address the issue.   While the Court is not completely convinced that his allegations against all of those defendants assert more than negligence, they are sufficient to warrant service.   *See, e.g., Butler*, 2022 WL 1599707, at *5 (allegation that defendants "knew about [Butler's] condition and the repeated delays in medication and failed to take adequate action to ensure he would receive his refills in a timely manner," was sufficient to serve defendants).

Butler has also named the prison's pharmaceutical contractor, Correct-Rx Pharmacy Services, Inc., as a defendant.   *See* doc. 1-1 at 2. Despite alleging that members of prison staff complained about the pharmacy services provided, *see, e.g., id.* at 15, his allegations do not include any fact that suggests that the entity, or any of its employees, was deliberately indifferent to his needs.   In fact, his allegations suggest either that his medication was not ordered, *see id.* at 11, or, perhaps, that it was received but not provided, *id.* at 15 (reporting medical staff referred to "15 boxes of medication" that had not been unpacked).   In the

absence of any allegation that defendant Correct-Rx was deliberately indifferent, Butler's claim against it should be **DISMISSED**.

In summary, Butler's Motion to Proceed *in Forma Pauperis* is **GRANTED**.   Doc. 7.   He must return the forms, as discussed above, or face dismissal of his case.   To the extent that he asserts claims against any defendant for failure to follow internal prison policies or inadequate supervision, those claims should be **DISMISSED**.   His deliberate-indifference claim against Correct-Rx should also be **DISMISSED**. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Since the Court approves for service Butler's deliberate indifference claims against defendants Pinerio, Glenn, "Kaigle" or "Kaigler," and Mieres, a copy of Plaintiff's Complaint, docs. 1 & 1-1, and a copy of this Order and Report and Recommendation shall be served upon Defendants Pinerio, Glenn, "Kaigle" or "Kaigler," and Mieres by the United States Marshal without prepayment of cost.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Plaintiff.  The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal

16

service of summons.   Fed. R. Civ. P. 4(d); Local R. 4.5.   A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.   Fed. R. Civ. P. 4(d).   Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.   Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.   Fed. R. Civ. P. 30(a)(2).   Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.   Local R. 26.1.   Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.   As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition

and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.   Defendants shall present such questions to the witness in order and word-for-word during the deposition.   Fed. R. Civ. P. 30(c).   Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.   Local R. 11.1.   Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).   Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.   Fed. R. Civ. P. 5.   "Every

pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."   Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.   For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery.   See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37.   The discovery period in this case will expire 140 days after the filing of the last answer.   Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period.   Id.   Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.   Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.   See Fed. R. Civ. P. 33.   Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant.   Interrogatories are

not to contain more than 25 questions.   Fed. R. Civ. P. 33(a).   If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.   If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.   Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case.   If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.   **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute.   Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss

shall file and serve his response to the motion within 14 days of its service.   Failure to respond shall indicate that there is no opposition to a motion.   Local R. 7.5.   Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion.   Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.   Local R. 7.5, 56.1.   The failure to respond to such a motion shall indicate that there is no opposition to the motion.   Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.   If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.   That burden cannot be met by reliance on the conclusory allegations contained within the complaint.   If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.   If Plaintiff fails to file opposing affidavits setting forth specific facts

showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

      **SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>6th</u> day of April, 2023.

                                        _____
                                        CHRISTOPHER L. RAY
                                        UNITED STATES MAGISTRATE JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA