IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARRYL PERNELL BUTLER,

    Plaintiff,

v.

AARON PINERIO, *et al.*,,

    Defendants.

CIVIL ACTION NO.: 4:23-cv-063

**O R D E R**

This case is before the Court in a somewhat odd procedural posture. Pro se Plaintiff Darryl Pernell Butler filed this 42 U.S.C. § 1983 case alleging that he was not properly provided prescription medication. (See doc. 8, pp. 4-6.) The Magistrate Judge found that, despite Butler's being subject to 28 U.S.C. § 1915(g)'s "three strikes" bar, his allegations were sufficient to qualify for that Section's exception. (Id.) The Court approved service of his claim that defendants Pinerio, Glenn, Kaigle, and Mieres were deliberately indifferent to his serious medical needs. (Id. at p. 16.) Defendants appeared and answered. (See docs. 23 & 29.) The Clerk entered a scheduling notice. (Doc. 24.) In October, Butler filed a "Notice of Voluntary Dismissal," purporting to dismiss his claims against Defendants Pinerio, Kaigle, and Glenn. (Doc. 34.) The Defendants filed an untimely response consenting to the dismissal. (Doc. 36.) The Magistrate Judge, after noting the procedural impropriety of the "notice," recommended that Butler's filing be construed as a Motion pursuant to Federal Rule 41(a)(2) and granted. (See doc. 37, pp. 2–3.) No party objected timely to the Report and Recommendation. See, e.g., Fed. R. Civ. P. 72(b)(2). On December 21, 2023, Butler filed a "Motion to Reinstate Defendants." (Doc. 40); see also,

e.g., Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (under the "prison mailbox rule," a pro se prisoner's filing is deemed filed the date it is delivered to prison authorities for mailing, which is presumed to be the date it was signed).  The deadline for any defendant to respond to that Motion has passed and none has responded.  See L.R. 7.5.  Butler has also objected to the Magistrate Judge's Order concerning the schedule.  (Doc. 46; see also doc. 44.)  The Court, therefore, addresses the status of Butler's claims against Pinerio, Kaigle, and Glen and Butler's Objection.

Butler's approach to his claims against Pinerio, Kaigle, and Glenn has been, as the Magistrate Judge recognized, "informal."  (See doc. 44, p. 3.)  First, as explained in the Report and Recommendation, Butler's invocation of Rule 41(a)(1) in his "Notice" was improper.  (See doc. 37, pp. 1-2.)  The Magistrate Judge, therefore, reconstrued his request as seeking dismissal pursuant to Rule 41(a)(2).  (Id. at p. 2.)  So construed, the Magistrate Judge recommended that Butler's request be granted.  (Id. at p. 3.)  No party timely objected to that recommendation.  Butler then filed a "Motion to Reinstate Defendants."  (Doc. 40.)  That Motion does not invoke, nor even suggest, any basis in the Federal Rules of Civil Procedure.  (See generally id.)  To the extent that Butler justifies his request at all, he simply refers to his procedurally improper correspondence addressed to the Honorable William T. Moore, Jr.  (Id. at p. 2; see also doc. 37, p. 1 n. 1 (citing In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073 (S.D. Ga. 2000)).)  Given the Magistrate Judge's recommendation, and the utter lack of any procedural basis for Browner's request to "reinstate" his claims, the Court might simply deny the request and dismiss the defendants.  See, e.g., Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").  However, this Court has an obligation to liberally construe pro se

filings, including, if necessary, reconstruing their procedural bases. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007); Ramses v. U.S. Dist. Court, 523 F. App'x 691, 694 (11th Cir. 2013). The Court will do so here.

Despite Butler's failure to properly invoke any factual or legal justification for his "Motion to Reinstate," the Court can construe it as a Motion to Withdraw his previously filed "Notice of Voluntary Dismissal." The Eleventh Circuit has indicated that a district court has discretion to permit withdrawal of a plaintiff's voluntary dismissal. See Harris v. Deputy Warden of Care & Treatment, 449 F. App'x 803, 804 (11th Cir. 2011) (reviewing denial of pro se prisoner's voluntary dismissal for abuse of discretion). Cf. McGregor v. Bd. of Comm'rs of Palm Beach Cnty., 956 F.2d 1017, 1024 (11th Cir. 1992) (Clark, S.J. concurring) (noting plaintiff "had the right to withdraw his voluntary dismissal within 'a reasonable period of time'" (quoting Lau v. Glendora Unified Sch. Dist., 792 F.2d 929, 931 (9th Cir. 1986)). Given that Butler filed his request to "reinstate" his claims against Pinerio, Glenn, and Kaigle before the Court ruled on the Magistrate Judge's recommendation and because no party has opposed that request, see L.R. 7.5 ("Failure to respond within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion), the Court will reconstrue Butler's "Motion to Reinstate Defendants" as a Motion to Withdraw his voluntary dismissal. So construed, the Motion is **GRANTED**, (doc. 40), the original "Notice of Voluntary Dismissal," is **DISMISSED** as withdrawn, (doc. 34), and the Magistrate Judge's recommendation concerning the Notice is **TERMINATED** as moot, (doc. 37, in part).

The Magistrate Judge's prior Order included a contingent direction for the parties to confer and propose deadlines for motions and completing any remaining discovery within twenty-one days of the "disposition of the last of the motions concerning" the claims against Defendants

3

Pinerio, Kaigle, and Glenn.  (Doc. 44 at 5.)   The disposition above would trigger that deadline, but for Plaintiff's Objection to the Magistrate Judge's Order.  (See doc. 46.)   Butler is correct in his objection that Mieres is not entitled to amend the scheduling order because "her attorney wrongfully calculated the deadline," (doc. 46, p. 4), as the Magistrate Judge found, (doc. 44, pp. 1-2 (citing Rogers v. Hartford Life & Accident Ins. Co., 2012 WL 2395194, at *2 (S.D. Ala. June 22, 2012).).   Regardless of whether Mieres was otherwise entitled to an extension, however, the Magistrate Judge concluded that Butler's attempts to voluntarily dismiss some, but not all, defendants, and then rescind that dismissal, constituted good cause to amend the scheduling order in this case, sua sponte.   Since the Magistrate Judge's determination that there was good cause to modify the applicable scheduling order does not fall into any of the enumerated exceptions requiring de novo review, it is reviewed to determine whether it is "clearly erroneous or contrary to law."   28 U.S.C. § 636(b)(1)(A); Fed. R Civ. P. 72(a).   "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, 'is left with a definite and firm conviction that a mistake has been made.'"   Jackson v. Deen, No. CV412–139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. 07–0083–WS–C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).   A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law."   Id. (citations omitted).

Butler's Objection to the Magistrate Judge's Order does not argue that there was any legal error.  (See doc. 46, pp. 3–4.)   The Magistrate Judge considered the issue of whether there was good cause to modify the scheduling order, sua sponte.  (Doc. 44, pp. 1–2.)   It is well-established that the "good cause" standard is proper to evaluate whether to modify a scheduling order.   See, e.g., Fed. R. Civ. P. 16(b); Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998).   Although

4

less customary, the Magistrate Judge's decision to consider modification <u>sua sponte</u> was not clearly erroneous or contrary to law. See <u>Archie v. Frank Cockrell Body Shop, Inc.</u>, No. 12–0046–CG–M, 2012 WL 4211080, at *1 (S.D. Ala. Sept. 17, 2012) ("Whereas Plaintiff has failed to show that the Magistrate Judge misapplied any relevant statute, case law, or procedural rule, [the Magistrate Judge's] <u>sua sponte</u> amendment of his scheduling order was not contrary to law."). Butler's Objection focuses on the Magistrate Judge's reasons for the <u>sua sponte</u> extension. He first asserts that the defendants in this case should be grouped based on their representation, with Pinerio, Kaigle, and Glenn forming one group and Mieres forming the other. (Doc. 46, p. 3 ("In the instant case, there are two separate defendants with different attorney [sic].").  He concedes that the Magistrate Judge's extension of the deadlines for Pinerio, Glenn and Kaigle is appropriate. (Doc. 46, p. 4.).  But, because Mieres is represented by a different attorney, he contends that he is "prejudiced" by the extension as to her. (<u>Id.</u>) That argument is unavailing. The operative scheduling order was imposed for this case as a whole, not for particular defendants. (<u>See</u> doc. 24.)  The Magistrate Judge reasonably concluded that reopening and staying the operative deadlines, which applied to all the defendants, until the precise party configuration could be definitively determined promoted "efficient disposition of the claims against any party that remains . . . ." (Doc. 44, p. 3.) That conclusion was not clearly erroneous. Moreover, having to litigate a case on its merits is simply not "prejudice" within the meaning of the Federal Rules. <u>See, e.g.,</u> <u>Eischeid v. Dover Constr., Inc.</u>, 217 F.R.D. 448, 455 (N.D. Iowa 2003) ("[W]here the issues raised in the belated motion must inevitably be addressed by the court either prior to or in the course of trial, the opposing party cannot claim prejudice where consideration of the otherwise untimely motion presenting those issues actually gives the opposing party the opportunity to litigate those issues fully and fairly."). Butler's assertion of prejudice does not render the

Magistrate Judge's <u>sua sponte</u> extension clearly erroneous.  His Objection is, therefore, **OVERRULED**.  (Doc. 46.)

In summary, Butler will be permitted to pursue the claims he has asserted against Pinerio, Kaigle, and Glenn (as well as Mieres) as explained above.  However, because of the uncertainty created by his vacillation on those claims, the Magistrate Judge reasonably found good cause to modify the operative scheduling order <u>sua sponte</u>.  Nothing in Butler's Objection indicates that that conclusion was "clearly erroneous or contrary to law," and therefore his Objection fails.  For clarity, the Court reiterates the Magistrate Judge's prior instruction that the parties are **DIRECTED** to confer and propose deadlines for completing discovery and filing civil motions in this case no later than fourteen (14) days from the date of this Order.  They are further **DIRECTED** to file their joint proposal no later than twenty-one (21) days from the date of this Order.  Although it was not included in the Magistrate Judge's instructions, the parties are also **DIRECTED** to include a proposed deadline for Butler's response to Mieres' Motion for Summary Judgment and any other motions filed.  The proposed deadline for Butler's response(s) should be no less than twenty-one (21) days from the proposed deadline for filing civil motions.

**SO ORDERED**, this 23rd day of January, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA