UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARRYL PERNELL BUTLER,           )
                                 )
    Plaintiff,                   )
                                 )
v.                               )     CV423-063
                                 )
AARON PINERIO, *et al.*,         )
                                 )
    Defendants.                  )

# ORDER

*Pro se* plaintiff Darryl Pernell Butler filed this case alleging that he was not properly provided with prescription blood pressure medication. *See, e.g.,* doc. 9 at 4-6. Defendant Mieres moved for summary judgment, doc. 42. After a stay to clarify the proper defendants against whom Butler asserted claims, *see* doc. 51 (lifting stay), Butler responded to that Motion, doc. 52. Defendants Glenn, Kaigle, and Pinerio filed a Motion for Summary Judgment. Doc. 53. Butler again failed to respond timely. He has now filed a Motion seeking to extend his deadline to respond to that Motion, due to a hospitalization. Doc. 57. He has also moved to amend his response to Defendant Mieres' Motion, doc. 59, which Defendant Mieres opposes, doc. 60. Although he has not directly responded the Court's show-cause Order, doc. 56, the Court accepts his explanation that

his hospitalization cause the delay in his response to Defendants' Motion, *see* doc. 57 at 1.

Defendant Mieres' Motion might be ripe for disposition, but for an intervening change in the substantive law. As her Motion explains, Butler claims that she was deliberately indifferent to his serious medical needs. *See, e.g.,* doc. 42-1. She seeks summary judgment on that claim because, she argues, the undisputed evidence does not "support the notion that Mieres subjectively understood a serious problem [with Butler's medication] and then intentionally looked the other way." *Id.* at 8. However, the standard that she applies to assert the absence of evidence of her deliberate indifference has been superseded. *See id.* at 7 (citing *Ireland v. Prummell*, 53 F.4th 1274, 1287 (11th Cir. 2022) (stating in relevant part, that deliberate indifference claim requires showing that "the official's conduct amounted to more than gross negligence.")); *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) ("[W]e now repudiate our dueling 'more than' formulations and hold instead that a deliberate-indifference plaintiff must prove that the defendant acted with subjective recklessness as used in the criminal law . . ."). Although an argument applying the current standard might be discerned, the Court cannot

construct that argument on Mieres' behalf. It will, therefore, afford her an opportunity to renew her Motion to apply the current standard.

Defendants Pineiro, Kaigler, and Glenn's Motion for Summary Judgment, doc. 53, suffers from similar obsolescence, *see, e.g.,* doc. 53-1 at 8 (citing *Franklin v. Curry*, 738 F.3d 1246, at 1250 (11th Cir. 2013) (using the "more than gross negligence" formulation of the deliberate-indifference standard)). However, there is an additional issue in Defendants' Motion. They assert, jointly, that they are entitled to qualified immunity. Doc. 53-1 at 11. They correctly point out that a qualified immunity defense depends, as a threshold issue, on whether the challenged action was within the scope of the defendant's discretionary authority. *Id.* (citing *Maggio v. Sipple*, 211 F.3d 1346, 1350 (11th Cir. 2000)). However, they do not point to any evidence concerning the scope of their respective authority. *See id.* ("Here the Defendants were acting at all relevant times within their duties at the GDC, and there is no allegation or evidence that at any time they acted outside of those duties. Thus, the Defendants were acting within the scope of their discretionary authority.").

For an official to discharge his burden that he acted within his discretionary authority, "there must be a showing by competent

3

summary judgment materials of objective circumstances that would compel that conclusion." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998) (quoting *Barker v. Norman*, 651 F.2d 1107, 1124-25 (5th Cir. 1981)). The inquiry is fact specific. As the Eleventh Circuit explained:

> Exactly what will suffice to establish such objective circumstances will . . . vary in proportion to the degree of discretion inherent in the defendant's office. Such objective circumstances necessarily must encompass the factual context within which the complained-of conduct took place. But also appropriate is a showing by the defendant of facts relating to the scope of his official duties—e.g., a showing of the circumstances through which he initially came to believe that his lawful authority including within its scope actions of the type that are complained of by the plaintiff.

*Id.* (ellipses in original). In the absence of any citation to any evidence of record, the Court cannot conduct the required analysis, even if the Court were to exclude Butler's response as untimely, *see, e.g.,* doc. 58-1 at 17 ("At all time relevant to this lawsuit Defendants was not acting within the scope of their discretionary authority."), and consider the issue undisputed. *See, e.g., United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("The district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."); *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662-63 (7th Cir. 1994) (judges "are not archeologists. The need not excavate

masses of papers in search of revealing tidbits—not only because the rules of procedure place the burden on the litigants, but also because their time is scarce."). Thus, even if Defendants' legal authority were not superseded, additional briefing on their qualified immunity defense would be necessary.

Accordingly, the Clerk is **DIRECTED** to **TERMINATE** the pending summary judgment motions as moot. Docs. 42 & 53. Defendants are **DIRECTED** to file any renewed summary judgment motions by no later than September 16, 2024. Butler will then have the twenty-one day period provided by the Court's Local Rules to respond in opposition to those motions. See S.D. Ga. L. Civ. R. 56.1. Any reply briefs should comply with the Court's Local Rules. See S.D. Ga. L. Civ. R. 7.6. Since Butler will have an opportunity to respond to any renewed motion filed, his requests related to his oppositions to the previously-filed motions are **DISMISSED** as moot. Docs. 57 & 59.

**SO ORDERED,** this 15th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA